Anthony Boskovich, No. 121198
Law Offices of Anthony Boskovich
28 N. First Street, 6th Floor
San Jose, California 95113-1210
policemisconduct@compuserve.com

408-286-5150

Attorney for PAUL CICALA, ENRICO SAGULLO,
and ERICK SANCHEZ

# IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| PAUL CICALA, ENRICO SAGULLO, ERICK SANCHEZ, <br><br>v.<br><br>CITY OF SAN JOSE, ROBERT DAVIS, individually and in his capacity as the Chief of Police for the City of San Jose; OFFICER ORDAZ, A San Jose police officer; OFFICER HIGGINS, a San Jose police officer ; OFFICER MARFIA, BADGE NO. 3254, a San Jose police officer; OFFICER KYONO, A San Jose police officer; OFFICER SIEGEL, a San Jose police officer;  JOHN DOE and RICHARD ROE, individually and in their capacities as police officers for the City of San Jose, the identity and number of whom are unknown to plaintiff; DOES 1 through 200,<br>                             *Defendants*. | No. CV 08-04032 JF (PVT)<br><br>ADMINISTRATIVE MOTION RE RIGHT TO SETTLE<br><br>Related Case: *Heiman v. Officer Johnson, et al.*, Northern District Case No.  CV 09-02617 JW; *Valdez, et al. v. City of San Jose, et al.*, Northern District Case No. C 09-00176 RMW |

**TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

      **PLEASE TAKE NOTICE** that plaintiffs hereby apply to this Court for an order clarifying its Order Relating Claims, Docket number 25, filed on 10 June 2009.

Administrative Motion re Right to Settle                                              Page 1

At the many case management conferences in this matter, counsel for the *Cicala* and *Heiman* plaintiffs have stated their intention to resolve their *Monell* claims first, and then proceed to their damages claims. In each of those hearings, this Court has stated that the parties were free to resolve their claims individually. The *Valdez* plaintiffs, however, have stated that they believe that these claims may not be resolved in *Cicala* and *Heiman*, and instead there must be a global settlement or none at all.

The difficulty with this position is that the *Valdez* plaintiffs have expressed a desire to proceed with the matter as a class action, but for over 2 years have been unable to present a motion to certify the class. Instead, they promise briefing by a date certain, but, by a series of stipulations, the motion has been taken off calendar and postponed indefinitely. This has the result of essentially stopping the litigation in its entirety. The *Cicala* and *Heiman* plaintiffs have presented what they consider to be a reasonable settlement proposal to which the City is preparing a response, and plaintiffs are optimistic that the *Monell* issues can resolve; and, upon resolution of those matters, these plaintiffs will be in a position to either settle or move forward expeditiously. This tack is stalled in the mud, however, by the *Valdez* plaintiffs' position, and until this Court rules, this case is essentially marooned.

The *Cicala* and *Heiman* plaintiffs, therefore, request that this Court clarify its previous order and permit them to resolve their cases, including *Monell* issues, separately, if they are able to do so.

Dated: 2 August 2011

/s/ Anthony Boskovich
_____
Anthony Boskovich
Attorney for plaintiffs

Administrative Motion re Right to Settle    Page 2